# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER HORST, JMW, *minor*, and LAW, *minor*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON ASSISTANT ATTORNEY GENERAL JODY CAMPBELL, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, CHILDREN'S ADMINSTRATION, DEPARTMENT OF CHILD AND FAMILY SERVICES AND CHILD PROTECTIVE SERVICES, *et al.*,<br><br>Defendants. | NO. 4:17-CV-5152-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiffs' Complaint filed on September 26, 2017 (ECF No. 2; *see also* ECF No. 6 (duplicate)) and Motion to Appoint Counsel (ECF No. 7). Plaintiffs Jennifer Horst, JMW, and LAW are proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

ORDER DISMISSING COMPLAINT ~ 1

The Court has conducted the required screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2)[1] and determines that Plaintiffs' claims do not survive screening, as discussed below. The Court **will not** direct service of the Complaint upon Defendants. Because amendment of the Complaint would be futile, the Complaint is DIMISSED without leave to amend.

## STANDARD OF REVIEW

Section 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a defendant who is immune from such relief. *Lopez v. Smith*, 203 F.3d 1122, 1126–

---

[1] Although 28 U.S.C. §§ 1915 and 1915A reference "prisoners," the application of the statutes, including the requirement that the district court screen the complaint, extends to an *in forma pauperis* complaint. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

[2] A motion to dismiss pursuant to Rule 12(b)(6) is similarly based on whether the non-moving party has failed to state a claim on which relief can be granted, so Rule 12(b)(6) standards govern a § 1915 review for legal sufficiency. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

27 (9th Cir. 2000) (en banc). The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## ALLEGATIONS IN COMPLAINT

Plaintiffs' complaint details a troubling saga arising out of the State of Washington's removal of Plaintiffs JMW and LAW from the care of their mother, Plaintiff Jennifer Horst. In sum, Plaintiffs allege JMW and LAW suffered as a result of child placement decisions by the State of Washington and its agencies and employees. Plaintiffs assert a series of statutory and constitutional violations and cite various legislative acts, *see* ECF No. 2 at 4, many of which do not create a private right of action or otherwise do not apply.[3]

---

[3] For example, Plaintiffs cite "the Welfare and Institutions Code[,]" ECF No. 2 at 5, but this appears to reference California, not Washington, law. Plaintiffs also cite (1) the McKinney-Vento Act, (2) No Child Left Behind Act, (3) Every Student Succeeds Act, (4) 42 U.S.C. § 622, State Plans for Child Welfare, and (5) the

ORDER DISMISSING COMPLAINT ~ 3

Plaintiffs request the sum of $50,000 each to Ms. Horst and JMW. ECF No. 2 at 25. Plaintiffs otherwise request an "express prohibitory injunction with the defendants to withdraw their Title 13 guardianship petition from the Juvenile division of Benton County Superior Court per Title 28 U.S. Code § 1443 in reference to case numbers 13-7-00150-6 (dependency case) and 17-7-00070-7 (guardianship case)."[4] ECF No. 2 at 4. Plaintiffs explain that "[t]he Juvenile division of Benton County Superior Court is scheduled for a guardianship petition trial in October of 2017. Plaintiffs seek concurrent jurisdiction with the family law division of Benton County Superior Court so that the dependency in juvenile court may be dismissed."[5] ECF No. 2 at 4; *see also* ECF No. 2 at 25.

---

Adoption Safe Families Act—all of which set conditions for States receiving federal money rather than create private rights of action.

[4] 28 U.S.C. § 1443 merely allows the <u>defendant</u> to remove a suit brought in state court under certain limited circumstances. This is a right of removal for a defendant; it does not give Plaintiff access to federal courts nor does it create a cause of action.

[5] The Court does not have concurrent jurisdiction over family matters, as discussed more below.

# DISCUSSION

Plaintiffs' Complaint (ECF No. 2) centers on a dispute involving the decision of the State of Washington as it pertains to the domestic relationship of Plaintiffs. As discussed below in more detail, the Court may not grant the relief Plaintiffs seek either in the form of monetary damages or injunctive relief. Accordingly, the case must be dismissed.

A. **Monetary damages**

Per the Eleventh Amendment of the United States Constitution, federal courts may not issue an award of monetary damages against a State, its agencies, or its employees, absent a waiver by the State. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'") (*quoting Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468, 480 (1987)). "Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983." *Safouane v. Fleck*, 226 F. App'x at 760 (9th Cir. 2007) (citing *Rains v. State,* 100 Wash.2d 660 (1983)). Accordingly, the Court may not issue an award of damages against the state agency defendants or its employees acting in their official capacity.

Plaintiffs list several employees of the State of Washington as defendants "in both their official and individual capacities . . . ." ECF No. 2 at 1. However, Plaintiffs have not alleged anything demonstrating any of the listed defendants did anything actionable in their individual capacities. Moreover, to the extent there is any basis for a suit against the named defendants individually, none of the federal causes Plaintiffs cite apply to private actors and any other remaining claims may only be brought in a federal court if diversity jurisdiction exists. However diversity jurisdiction does not exist since the parties all appear to be residents of Washington.

Accordingly, the Court cannot entertain Plaintiff's suit for monetary damages.

B. **Injunctive Relief**

The injunctive relief Plaintiffs seek is also beyond the reach of this Court. Any request to review past decisions involving the merits of a domestic relation decision of the State must be denied. *See Safouane v. Fleck*, 226 F. App'x at 758 ("Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to determine whether the proceedings regarding parental rights with respect to [their] children were valid, because those proceedings were concluded before the filing of this action."); *see also Exxon–Mobil Corp. v. Saudi Basic Ind. Corp.,* 544 U.S. 280, 284 (2005) (*Rooker–Feldman* doctrine precludes review where Plaintiffs are

"state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The Court must abstain from otherwise intervening in ongoing state domestic relation cases, as "it has been the policy of federal courts to avoid assumption of jurisdiction in this species of litigation." *Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972). As the Supreme Court has stated, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-594 (1890).

The Ninth Circuit has addressed the very issue presented before the Court in the case of *H.C. ex rel. Gordon v. Koppel*, which in relevant part states:

> The Supreme Court in *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see also Woodfeathers, Inc. v. Washington County, Oregon*, 180 F.3d 1017, 1020 (9th Cir. 1999). When the case is one in which the *Younger* doctrine applies, the case must be dismissed. *See Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998). The requirement that state proceedings be ongoing is satisfied. Indeed, the plaintiffs' claim is predicated on that fact, because it seeks an order requiring procedural due process to be observed in the future course of the litigation.
> Important state interests also are implicated. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435

> (1979); *see also Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996). In addition, a state has a vital interest in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977). This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, *see Ankenbrandt v. Richards*, 504 U.S. 689, 697–701 (1992), and in which the state courts have a special expertise and experience. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979).
>
> The plaintiffs have an adequate state forum in which to pursue their federal claims. In fact, they have already raised some of the same due process issues in the California appellate courts. Plaintiffs may appeal through those courts after final judgment.
>
> This is precisely the type of case suited to *Younger* abstention. *See Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.1994) (holding that *Younger* abstention was appropriate in § 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle). Plaintiffs desire wholesale federal intervention into an ongoing state domestic dispute. They seek vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation. This is not the proper business of the federal judiciary.

*H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612–14 (9th Cir. 2000) (citations altered; internal brackets in original).

As in *Koppell*, Plaintiffs request "wholesale federal intervention into an ongoing state domestic dispute," important state interests regarding familial relations are implicated, and state court can provide Plaintiffs an adequate opportunity to litigate the claims brought before the Court. Accordingly, the Court may not entertain Plaintiffs request for an injunction.

//

//

ORDER DISMISSING COMPLAINT ~ 8

C. **Revocation of In Forma Pauperis Status**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiffs' *in forma pauperis* status. If Plaintiffs pursue an appeal, they must pay the requisite filing fee.

## CONCLUSION

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend the complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that amendment would be futile, as the subject matter is beyond this Court's jurisdiction and the parties are otherwise immune from suit.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Complaint is **DISMISSED** without leave to amend.

2. Plaintiffs' Motion to Appoint Counsel (ECF No. 7) is **DENIED AS MOOT**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiffs' *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to Plaintiffs, and **close** the file.

**DATED** November 9, 2017.



THOMAS O. RICE
Chief United States District Judge